IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. 6:23-cv-00453-WWB-DCI

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

     Plaintiff,

v.

AGEWELLSOLUTIONS, LLC,
GILLES PESANT, and KIMBERLY
CRAWFORD,

     Defendants.

_____

## PLAINTIFF'S MOTION TO DETERMINE ENTITLEMENT TO FEES/COSTS AND INCORPORATED MEMORANDUM OF LAW

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Plaintiff"), by and through undersigned counsel, hereby moves the Court for entry of an Order determining entitlement to post-judgment attorneys' fees and related taxable expenses and, in support thereof, states as follows:

## BACKGROUND

1. On March 13, 2023, Plaintiff filed its Complaint in this action. See D.E. 1.

2. On May 15, 2023, Plaintiff filed its First Amended Complaint against defendants AgewellSolutions, LLC ("AgewellSolutions"), Gilles Pesant ("Pesant"),

and Kimberly Crawford ("Dr. Crawford") (collectively, the "Defendants"). See D.E. 13.

3.      On July 28, 2023 (following expiration of Defendants' response deadline), Plaintiff filed its Motion for Clerk's Default against Defendants. See D.E. 20.

4.      On July 31, 2023, the Clerk entered a Clerk's Default [D.E. 22] against Defendants.

5.      On April 25, 2024, Plaintiff filed its Second Renewed Motion for Default Judgment against Defendants. See D.E. 32.

6.      On September 17, 2024, the Court entered Final Judgment in favor of Plaintiff. See D.E. 35.

7.      In the Court's Final Judgment, it retained jurisdiction to consider any motions seeking an award of attorney's fees and/or costs filed within the time and in the manner prescribed in Local Rule 7.01, United States District Court Middle District of Florida.

8.      Pursuant to the Court's Final Judgment and Local Rule 7.01, Plaintiff now files its Motion on Entitlement.

9.      Local Rule 7.01(b) requires that "[w]ithin fourteen days after entry of judgment, the party claiming fees and expenses must request a determination of entitlement in a motion that: (1) specifies the judgment and the statute, rule, or other

ground entitling the movant to the award, (2) states the amount sought or provides a fair estimate of the amount sought, and (3) includes a memorandum of law."

## MEMORANDUM OF LAW

10.    Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against any party…. [T]he court may also award reasonable attorney's fee to pay the prevailing party as part of the costs." Attorneys' fees "are to be awarded to prevailing parties only as a matter of the court's discretion," when such an award would "encourage the production of original literary, artistic, and musical expression for the good of the public." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). As with all fee petitions, the moving party has the burden of demonstrating that its fee request is reasonable. Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The Supreme Court has put forth a nonexclusive list of factors to consider when determining whether to award a prevailing party attorneys' fees under § 505, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty, 510 U.S. at 534 n.19.

11.    Upon entry of a final judgment, Plaintiff is the prevailing party in this action.

12.     As the prevailing party in this action, Plaintiff is entitled to recover its taxable costs (filing fee and service of process fees). In view of the willful nature of Defendants' infringement and its failure to defend or otherwise participate in this action, leading to unjustified delays and increased costs and fees, an award of full costs and attorney's fees to Plaintiff is appropriate. See e.g. Affordable Aerial Photography, Inc. v. Proud Co., LLC, 2024 U.S. Dist. LEXIS 88336, at *1 (S.D. Fla. May 7, 2024) (awarding attorneys' fees and costs in the amount of $3,647.50, consisting of $515.00 in costs and $3,132.50 in attorney's fees); Sadowski v. Orion Healthcare Servs., Inc., 2023 U.S. Dist. LEXIS 47811, at *4 (S.D. Fla. Mar. 21, 2023) (awarding attorneys' fees in the amount of $2,512.00); Sadowski v. Unlawful Threads LLC, 2024 U.S. Dist. LEXIS 97631, at *11-15 (S.D. Fla. Mar. 28, 2024) (awarding attorney fees in the amount of $3,538.25 and costs in the amount of $442.00).

13.     Accordingly, Plaintiff requests the Court to award costs and attorney's fees in the amount of $3,982.00 consisting of costs in the amount of $617.00 and fees in the amount of $3,365.00.

**WHEREFORE**, Plaintiff respectfully requests the Court enter an Order:

    a.  Determining entitlement to post-judgment attorney's fee and related non-taxable expenses; and

    b.  Granting such other relief as is necessary and proper.

Dated: September 27, 2024.          COPYCAT LEGAL PLLC
                                    3111 N. University Drive
                                    Suite 301
                                    Coral Springs, FL 33065
                                    Telephone: (877) 437-6228
                                    meghan@copycatlegal.com
                                    dan@copycatlegal.com

                                    By: /s/ Meghan Medacier ___
                                        Meghan Medacier, Esq.
                                        Daniel DeSouza, Esq.


## **CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record. I further certify that on September 27, 2024, the foregoing document was served via U.S. Mail on AgewellSolutions, LLC, Gilles Pesant, and Kimberly Crawford 243 Loggerhead Dr., Melbourne Beach, FL 32951.

                                    /s/ Meghan Medacier ___
                                    Meghan Medacier, Esq.