UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PREPARED FOOD PHOTOS, INC.,**

    **Plaintiff,**

v.                                                                                 Case No: 6:23-cv-453-WWB-DCI

**AGEWELLSOLUTIONS, LLC, GILLES
PESANT and KIMBERLY
CRAWFORD,**

    **Defendants.**

## ORDER

On May 29, 2024, the undersigned recommended to the Court that Plaintiff's Second Renewed Motion for Default Final Judgment (the Motion for Default Judgment) be granted in part. Doc. 33. In making that recommendation, the undersigned addressed under the lodestar method Plaintiff's request for an award of attorney fees in the amount of $3,365.00 and found that Plaintiff was entitled to recover the reduced amount of $2,715.00 as the prevailing party. *Id*. at 25, 27. Plaintiff also sought to recover $617.00 in taxable costs, but the undersigned found the request to be premature and recommended that Plaintiff be directed to follow Federal Rule of Civil Procedure 54(d)(1). *Id*. at 26, 27. Plaintiff filed no objection and on September 16, 2024, the Court adopted the report and recommendation; awarded Plaintiff the reduced fee amount; and ordered that on or before September 27, 2024, Plaintiff may seek its taxable costs in accordance with Rule 54(d)(1). Doc. 34 at 2.

Pending before the Court is Plaintiff's "Motion to Determine Entitlement to Fees/Costs" brought pursuant to 17 U.S.C. § 505 and Local Rule 7.01. Doc. 38 (the Motion). Again, Plaintiff claims that it is the prevailing party and seeks an award of $3,365.00 in attorney fees. *Id*. at 38. While Plaintiff states that the Motion is for "post-judgment" attorney fees, the relief sought is

clearly the same that Plaintiff requested in the Motion for Default Judgment. Docs. 32, 38.[1] Even though Local Rule 7.01(b) provides for motions for entitlement to fees, Plaintiff has simply refiled a request for relief that the Court already considered, and it is, therefore, moot.

Also, Plaintiff moves for an award of $617.00 in taxable costs. Doc. 38. First, to the extent Plaintiff seeks taxable costs pursuant to Local Rule 7.01 (*see* Doc. 38 at 2), that rule does not apply to taxable costs. *See* Local Rule 7.01(a) ("Except in a social security action, a party claiming a post-judgment attorney's fee and related **non-taxable** expenses must obtain an order determining entitlement before providing a supplemental motion on amount.") (emphasis added).

Second, Plaintiff seeks the same amount and relief Plaintiff previously requested in the Motion for Default Judgment. As the undersigned explained in the May 29, 2024 report and recommendation, the proper procedure was for Plaintiff to file a bill of costs if the Court entered judgment in its favor. Doc. 33 at 25-26 (citing Rule 54(d)(1); *Amiel v. Lakeland Reg'l Med. Ctr. Inc.*, 2019 WL 2552595, at *1 (M.D. Fla. Apr. 3, 2019) ("A 'motion to tax costs' runs counter to Rule 54(d)(1), insofar as a 'motion 'is [a] request for a court order,' as opposed to a bill of costs, which is what is required for the taxation of costs.") (quoting Fed.R.Civ.P. 7(b)). The Court has since directed Plaintiff to seek taxable costs in accordance with Rule 54(d)(1) (Doc. 34 at 2), but Plaintiff has not done so.

Based on the foregoing, it is **ORDERED** that the Motion (Doc. 38) is **DENIED**.

**ORDERED** in Orlando, Florida on October 4, 2024.

Copies furnished to:

Counsel of Record
Unrepresented Parties

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff seeks the same amount for the fees and costs sought in the Motion for Default Judgment. Docs. 32 at 23, 38 at 4.