UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PREPARED FOOD PHOTOS, INC.,**

      **Plaintiff,**

v.                                          Case No: 6:23-cv-453-WWB-DCI

**AGEWELLSOLUTIONS, LLC, GILLES PESANT and KIMBERLY CRAWFORD,**

      **Defendants.**

## ORDER

On December 10, 2024, Plaintiff filed an ex parte motion for the issuance of a post-judgment writ of garnishment directed at PNC Financial Services Group, Inc. (PNC Financial). Doc. 40. The Court, ex parte, granted the request and directed the Clerk to issue the writ of garnishment (the Writ). Docs. 40-1, 41. PNC Bank, N.A. (PNC Bank) has filed an Answer and asserts that it "does not have any account in the name of the business entity of Agewellsolutions, LLC," but "does have and is holding $29,850.43 in [a] checking account. . . belonging to Kimberly Crawford and Gilles Pesant," and "does have and is holding $54,553.52. . . in [a] savings account. . . belonging to Kimberly Crawford and Gilles Pesant." Doc. 46.

Defendants have filed a Motion to Dissolve the Writ based primarily on a jurisdictional challenge but also raise an issue regarding the relationship between PNC Financial and PNC Bank. Doc. 48 (the Motion to Dissolve). Plaintiff has filed a Response in Opposition to the Motion to Dissolve (the Response, Doc. 53) and an Ex Parte Motion for Writ of Garnishment directed to PNC Bank. Doc. 49 (the Ex Parte Motion). The Motion to Dissolve and the Ex Parte Motion remain pending for consideration, but the parties have since filed a Joint Motion for Final Judgment

on the Writ. Doc. 54 (the Joint Motion). The parties represent that after Defendants filed the Motion to Dissolve, the parties engaged in negotiations for a resolution or settlement and "[a]s part of those discussions, the Parties agreed to the relief requested here in – namely, entry of Final Judgment on Writ of Garnishment on the garnished funds." *Id*. at 3. Specifically, the parties state that "Plaintiff hereby moves the Court for entry of a Final Judgment on its Writ of Garnishment with Garnishee, PNC Bank, N.A., to satisfy the Writ by way of check in the amount of $84,403.95 payable to Plaintiff's counsel[.]" *Id*. at 4.

While the parties report that there is settlement, the Court questions whether the requested relief is warranted for two reasons: (1) it is not clear if it is appropriate for the Court to direct PNC Bank to satisfy the Writ since it was directed to PNC Financial;[1] and (2) the Court is not convinced that it has jurisdiction over PNC Bank, the accounts garnished, or the assets within the accounts. *See Cobelens v. Newco LLC*, 2021 WL 5926351, at *1 (M.D. Fla. Nov. 1, 2021) ("In issuing a writ of garnishment, the court must not only have personal jurisdiction over the garnishee, but it also must have jurisdiction over the property to be garnished.") (citing *Lapinski v. St. Croix Condo. Ass'n, Inc.*, 2019 WL 1491568, at *1 (M.D. Fla. Jan. 24, 2019)).

The parties have separately touched upon these issues in the filings, but it is not clear if the parties' recent settlement resolves these outstanding questions in such a way that allows the Court to grant the Joint Motion. Overall, the Court is not entirely sure if the parties' agreement alone is a basis to direct PNC Bank to satisfy the Writ and, even if it is, the jurisdictional question is

---

[1] Notably, in response to the Motion to Dissolve, Plaintiff requests that the Court "amend[] the Writ *nunc pro tunc* to the date of service on PNC Financial Services Group to add PNC Bank as an additional garnishee thereon." Doc. 53 at 13. The parties do not discuss in the Joint Motion whether the Writ should be amended before final judgment on the Writ is entered. *See* Doc. 54.

certainly not fully briefed and remains looming.² In other words, should the Court enforce a writ against a party not named in the writ—or enforce a writ without jurisdiction to do so—just because the parties agreed by settlement that the Court should do so?

Based on the foregoing, the Court has determined that supplemental briefing to address these issues is appropriate. The Court notes, however, that it is not entirely clear why entry of a final judgment on the Writ is even necessary because the parties have not filed an adequate motion pursuant to Local Rule 3.01(g). Any reference to law in the Joint Motion is generic and does not assist the Court in determining entitlement to relief. Doc. 54. Again, in other words, if the parties simply want to settle this matter, they should do so. And if action on the Writ (whether dissolution, judgment, or something else) is somehow necessary prior to settlement, they can move for that relief.

Accordingly, it is **ORDERED** that:

1. **on or before May 14, 2025**, the parties shall file a supplemental brief in support of the Joint Motion that addresses the Court's concerns set forth *supra*; or

2. alternatively, **on or before May 14, 2025**, the parties may file a joint notice regarding settlement and, if necessary, any other motion for relief concerning the Writ.

**ORDERED** in Orlando, Florida on April 30, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

² For example, Defendants mention PNC Bank's potential waiver of personal jurisdiction in the Motion to Dissolve as a result of the Answer, but Plaintiff does not adequately address the issue of personal jurisdiction over Garnishee PNC Bank in the Response. Doc. 48 at 15, *See* Doc. 53. Instead, Plaintiff's focus of the Response and the exhibits is jurisdiction over the checking and savings accounts. *See* Doc. 53. Also, Defendants argue that Plaintiff has not demonstrated jurisdiction over the checking and savings accounts and seek dissolution of the Writ but now jointly moves for final judgment on the same Writ. Docs. 48, 54.