UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PREPARED FOOD PHOTOS, INC.,**
      **Plaintiff,**

v.                                                                   Case No: 6:23-cv-453-WWB-DCI

**AGEWELLSOLUTIONS, LLC, GILLES
PESANT and KIMBERLY
CRAWFORD,**

      **Defendants.**

## ORDER

On December 10, 2024, Plaintiff filed an Ex Parte Motion for Writ of Garnishment and moved for the issuance of a post-judgment writ of garnishment directed at PNC Financial Services Group, Inc (PNC Financial Services). Doc. 40. The Court, ex parte, granted the request and directed the Clerk to issue the writ directed to PNC Financial Services (the Writ). Docs. 40-1, 41. PNC Bank, N.A. (PNC Bank), and *not* PNC Financial Services, filed the Answer of Garnishee. Doc. 46. Defendants subsequently filed a Motion to Dissolve the Writ based on a jurisdictional challenge (Doc. 48) which Plaintiff opposed but also requested that the Court amend the Writ *nunc pro tunc* "to the date of service on PNC Financial Services Group to add PNC Bank as an additional garnishee thereon[.]" Doc. 53. Plaintiff separately filed another Ex Parte Motion for Writ of Garnishment, but this time directed to PNC Bank. Doc. 49.

While those motions remained pending, the parties jointly filed a Motion for Final Judgment on the Writ of Garnishment. Doc. 54 (the First Motion for Final Judgment). The parties represented that negotiation for resolution or settlement occurred and the parties agreed to entry of

final judgment on the garnished funds. *Id*. at 3.[1] Despite the settlement, the Court had questions about the requested relief and directed the parties to either file a supplemental brief in support of the First Motion for Final Judgment or, alternatively, a joint notice regarding settlement and, if necessary, any other motion for relief concerning the Writ. Doc. 55. In response, the parties jointly filed a Renewed Motion for Final Judgment on the Writ (Doc. 56, the Second Motion for Final Judgment) and a Joint Notice of Settlement (Doc. 58), and Defendants filed a Notice of Withdrawal of the Motion to Dissolve the Writ. Doc. 57.[2]

Even though the parties opted to not file the supplemental brief in support of the First Motion for Final Judgment, the parties' pending Second Motion for Final Judgment is still deficient. The parties move for the Court to amend the Writ *nunc pro tunc* to be issued to PNC Bank and enter final judgment of garnishment against PNC Bank but absent from the request is a statement of the basis for that relief and a legal memorandum supporting the motion as Local Rule 3.01(a) requires. The Second Motion for Final Judgment is due to be denied for this reason alone but the failure to include any analysis with supporting law also leaves the Court with the same questions set forth in the April 30, 2025 Order regarding the Court's ability to grant final judgment. Doc. 55.

---

[1] Specifically, the parties state that "Plaintiff hereby moves the Court for entry of a Final Judgment on its Writ of Garnishment with Garnishee, PNC Bank, N.A., to satisfy the Writ by way of check in the amount of $84,403.95 payable to Plaintiff's counsel[.]" *Id*. at 4.

Even though Plaintiff requested in the Response to the Motion to Dissolve that the Court amend the Writ, the parties did not discuss amendment in the First Motion for Final Judgment. *See* Doc. 54.

[2] By Order dated May 29, 2025, the Court denied as moot Defendants' Motion to Dissolve the Writ; denied as moot Plaintiff's Ex Parte Motion for Writ of Garnishment as the matter has been settled; and denied as moot the First Motion for Final Judgment due to the pendency of the Second Motion for Final Judgment. Doc. 59.

Namely, the Court questioned whether relief was warranted for two reasons: (1) it is not clear if it is appropriate for the Court to direct PNC Bank to satisfy the Writ since it was served on PNC Financial Services; and (2) the Court is not satisfied that it has jurisdiction over PNC Bank, the accounts garnished, or the assets within the accounts. Doc. 55 (citing *Cobelens v. Newco LLC*, 2021 WL 5926351, at *1 (M.D. Fla. Nov. 1, 2021) ("In issuing a writ of garnishment, the court must not only have personal jurisdiction over the garnishee, but it also must have jurisdiction over the property to be garnished.")).[3]

Since the parties have renewed their request for final judgment with no additional briefing on these issues the Court is still not convinced that they are entitled to relief.[4] While not clear, it appears that the parties assert that the Court may enter the final judgment if the Court allows a *nunc pro tunc* amendment to the Writ to be issued to PNC Bank. Doc. 56. But the parties provide no legal basis for the Court to do so, and the Court has found some authority that casts doubt on whether that course of action is permitted. Specifically, there might be limits on the court's ability to amend the Writ as "'[t]he failure of a court to act, or its incorrect action, can never authorize a *nunc pro tunc* entry.'" *ADT, LLC v. Alder Holdings, LLC*, 2018 WL 398453, at *3 n.3 (S.D. Fla.

---

[3] The Court expressed that it was unsure if the parties' recent settlement resolved the outstanding questions in such a way that allowed the Court to enter final judgment as requested. Doc. 55 at 2. The Court further explained that it was not entirely sure given the lack of briefing whether the parties' agreement alone is a basis to direct PNC Bank to satisfy the Writ due to the looming jurisdictional question. *Id*.

[4] Defendants originally raised the argument that the Court lacked jurisdiction to garnish the funds because Plaintiff made no showing that the bank accounts at issue were maintained by PNC Financial Services or that the assets within those accounts were actually located in Florida. Doc. 48 at 2. Defendants contended that the Florida garnishment statute does not apply to out-of-state accounts and the Court also lacks jurisdiction to garnish funds located within Florida but outside the jurisdiction of the Middle District. *Id*. at 3. Being that the Writ is directed to PNC Financial Services and that entity is located in Pittsburgh, Pennsylvania, Defendants argued that the Court lacked subject matter jurisdiction to garnish the funds and, therefore, sought dissolution of the very Writ the parties now rely upon as the basis for the final judgment of garnishment.

Jan. 10, 2018) (quoting *Cypress Barn v. Western Elec. Co., Inc.*, 812 F.2d 1363, 1364 (11th Cir. 1987)); *see also Stansell v. Revolutionary Armed Forces of Columbia*, 771 F.3d 713, 747 (11th Cir. 2014) ("A *nunc pro tunc* order that has the effect of retroactively inserting in a writ a garnishee who was never mentioned in the original writ, was not a party to the proceedings, and was never served with the original writ is perhaps the most obvious violation of the limitations on the doctrine."). With no citation to authority and analysis to support the requested amendment, the parties have not established entitlement to relief.

And without the amendment, it seems the parties expect the Court to enter final judgment simply because the parties agree that the Court now has jurisdiction despite their previous disagreement as to its existence. Specifically, the parties state that "for purpose of settlement Defendants agree that the Court has jurisdiction over the funds and personal jurisdiction over PNC Bank, N.A." Doc. 56 at 3. The Court, however, is not persuaded that the parties can confer jurisdiction by mere agreement without providing authority set forth in a legal memorandum to support that position. *See* Local Rule 3.01(a).

Based on the foregoing, it is **ORDERED** that:

1. the parties' Second Motion for Final Judgment (Doc. 56) is **DENIED without prejudice**; and

2. **on or before July 22, 2025**, the parties shall show cause why this case should not be closed.

**ORDERED** in Orlando, Florida on July 10, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties